103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lambert BERRY, Plaintiff-Appellant,
v.
Steven DRAKE, et al., Defendants-Appellees.
 No. 95-1506.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 Before: KENNEDY, JONES, and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a judgment for the defendants following a bench trial in a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lambert Berry, a Michigan inmate, brought a § 1983 action in connection with alleged civil rights deprivations he incurred at the hands of the two named corrections officers while he was incarcerated in the State Prison of Southern Michigan. The district court eventually conducted a bench trial that resulted in a judgment for the defendants and this appeal followed. Berry filed a brief in his own behalf; the defendants, through the offices of the Michigan Attorney General, indicated that they will not be participating in the appeal unless directed to do so by the court.
 
 
 3
 Plaintiff Berry complained that the two named defendants, acting in concert, acted to violate Berry's rights under the First, Eighth and Fourteenth Amendments, as well as Michigan state law, during his incarceration at Jackson. These allegations include, in part, the claims that defendant Drake improperly read some of Berry's private correspondence, that the defendants wrote false misconduct reports, that they discriminated against Berry because of his race and that they retaliated against Berry for his exercise of his First Amendment rights. The case was originally sent to a magistrate judge for his recommendation as to the disposition of a motion for summary judgment. The magistrate recommended that Berry's Eighth Amendment claim should be dismissed and that the remainder of the claims should go forward. The case was ultimately tried to the bench with a judgment resulting for the defendants on all claims. Berry filed an appeal from this decision.
 
 
 4
 Berry filed a brief pro se in which his basic assignment of error is that the district court's judgment is against the weight of the evidence. Berry did not, however, include a transcript of the bench trial on appeal. This omission is fatal to his claim.
 
 
 5
 If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.
 
 
 6
 Fed.R.App.P. 10(b)(2).
 
 
 7
 Where one challenging the sufficiency of the evidence does not provide a transcript on appeal, that appellant fails to carry his burden of exemplifying the error of which he complains. Hawley v. City of Cleveland, 24 F.3d 814, 820-21 (6th Cir.1994). There is no indication of record that a transcript was unavailable or that Berry moved this court to provide him with one at government expense, a motion that would not necessarily have been granted automatically. This court has specifically held that one proceeding without counsel, while entitled to have his pleadings leniently construed as to form, will not be granted any special relief from failure to comply with the rules of this court. Brock v. Hendershott, 840 F.2d 339, 342-43 (6th Cir.1988). This appeal lacks merit.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.